IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Frederick Baker, #236534, ) | |
| ) | Civil Action No. 6:04-1855-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Steve Compton; John Doe; and ) | |
| South Carolina Department of ) | |
| Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on a motion for summary judgment filed by the defendants.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed his complaint in state court on April 22, 2004, alleging that the defendants violated his constitutional rights while he was incarcerated in Lieber Correctional Institution (LCI) and Evans Correctional Institution (ECI).[1] The defendants removed the case to federal court on June 10, 2004, and filed a motion for summary

---

[1] The plaintiff filed his complaint while incarcerated at ECI. His complaint, however, includes allegations regarding the sexual misconduct charge he received on January 13, 2004, while he was incarcerated at LCI. The individuals referenced in his complaint – Compton, Nelson and McCants – are SCDC employees at LCI. He was transferred to ECI on April 13, 2004, approximately one week before he filed his complaint. Because his complaint also includes allegations regarding the conditions of his confinement, the court understands these allegations to challenge his confinement at ECI.

judgment on October 13, 2004. By order filed on October 18, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the defendants' motion. When the plaintiff did not respond within the appropriate time period, the court issued an order on December 1, 2004, notifying the plaintiff that his case would be dismissed for failure to prosecute if he did not file a response to the defendants' motion for summary judgment within 20 days. The plaintiff filed a response to the defendants' motion on January 4, 2005.

## **APPLICABLE LAW**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

2

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

**FACTUAL BACKGROUND AND ANALYSIS**

On January 13, 2004, while incarcerated at Lieber Correctional Institution, the plaintiff was charged with sexual misconduct against victim Tonya McCants, an SCDC employee. The plaintiff claims that defendant Compton, an SCDC clinical counselor and McCants' supervisor, and "Officer Nelson," another SCDC employee and an officer in the plaintiff's unit, forced McCants to lie and to testify against the plaintiff at a hearing regarding his sexual misconduct charge on January 22, 2004. The plaintiff asserts that the actions of McCants, Nelson and Compton were slanderous, destroyed his character, and violated his due process rights. The plaintiff accuses McCants, Nelson, Compton and SCDC of

3

conspiring against him because of "past difficulties and the [p]laintiff voicing his opinions about how Steve Compton encourages blacks to take medications being bias towards them" (compl. ¶ 7). He also complains that the defendants have "willfully and wantonly created a hostile and tense environment for inmates and officers violating SCDC Room Policy and Housing Policy." He asserts that the defendants are biased towards him and have placed his life in danger by housing him with inmates who participated in the "Charleston Riot." He seeks compensatory damages, punitive damages, "to have the SCDC's charge dismiss [sic] with prejudice and erased from record" and "to be sent to work release" (compl.¶ 15).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been [overturned]. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.

(Internal citations and footnotes omitted).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court considered claims similar to those asserted by the plaintiff here. The respondent in *Edwards* was charged and found guilty of four prison infractions while an inmate at the state penitentiary; he filed a §1983 action alleging that the procedures used in his disciplinary proceeding violated his due process rights. *Id.* at 643. Specifically, he alleged the hearing officer at his disciplinary proceeding concealed exculpatory witness statements and refused

4

to ask specified questions of requested witnesses. Applying its holding in *Heck*, the Court concluded "that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under 1983." *Id.* at 648.

Like the respondent in *Edwards*, the plaintiff here challenges the constitutionality of the procedures used to charge and convict him of sexual misconduct. Thus, judgment in his favor would necessarily imply the invalidity of his conviction on the sexual misconduct charge. He has not shown, however, that his conviction for sexual misconduct has been overturned. Rather, he specifically asks this court to "dismiss [the charge] with prejudice and [have it] erased from the record" (compl. ¶ 15). Accordingly, the plaintiff's claim for damages under §1983 is not cognizable and should be dismissed.

The plaintiff also complains that the defendant have created a "hostile and tense living environment" by housing him with inmates formerly involved in a riot. He does not, however, allege any injury or damage as a result of the "hostile and tense living environment" or from being housed with inmates formerly involved in a riot. Rather, he alleges that the defendants have "place[d] his life in danger." The clear implication of the complaint is that the plaintiff is complaining that something *could* happen to him – not that something has happened or even that he has been specifically threatened with harm or danger.

The plaintiff filed his complaint while incarcerated at ECI in April 2004. On December 1, 2004, the plaintiff notified the court that his address had changed, indicating that he was moved from ECI to Perry Correctional Institution. On February 7, 2005, the plaintiff filed a notice of change of address with the court indicating that he had been moved again and is currently confined at McCormick Correctional Institution. Therefore, to the extent that he complains his life was endangered by his housing assignment at ECI or LCI, his allegations are now moot. *See Williams v. Griffin*, 952 F.2d 820, 822 (4th Cir. 1991)

5

(holding that claims for injunctive and declaratory relief in a conditions of confinement case were rendered moot by the plaintiff prisoner's transfer); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) (holding that a prisoner transfer mooted a request for declaratory and injunctive relief).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the defendants' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

April 22, 2005

Greenville, South Carolina